IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LAMARCUS THOMAS, | : |
| Plaintiff | : |
| VS. | : |
| | : NO. 5:14-CV-0235-MTT-MSH |
| Warden CHATMAN | : |
| Defendant | : |

RECOMMENDATION ON
MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Lamarcus Thomas, a state prisoner currently confined at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a Motion for a Preliminary Injunction (ECF No. 3). Plaintiff alleges that he is being denied the right to file a prison grievance and denied "medical treatment" for an unspecified condition.

To the extent Plaintiff's Motion requests an order requiring prison officials to accept and process his grievances, his motion must be denied. Contrary to Plaintiff's allegations, a state prisoner has no constitutional right to participate in prison grievance procedures. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). *See also*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("[t]here is no legitimate claim of entitlement to a grievance procedure"); *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are

not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.").

Plaintiff's Motion also fails to show that he is need of any immediate medical treatment. This Court, of course, cannot grant injunctive relief unless certain prerequisites are met. *See All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Among other things, Plaintiff must show that there is a substantial likelihood of success on the merits of his claim. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

At this stage in the litigation, Plaintiff has not established a "substantial likelihood of success on the merits" of any claim. *See id.* His Motion is supported by nothing more than his own self-serving, conclusory allegations. Plaintiff has not presented any proof or identified any objective evidence to show that he suffers from a serious medical condition or that Defendants have violated his constitutional rights in the ways described. It thus appears unlikely that Plaintiff could prove a claim of deliberate indifference. The undersigned thus finds that Plaintiff has failed to satisfy the prerequisites necessary for an injunction to issue; and it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction be **DENIED**.

**SO RECOMMENDED**, this 30th day of June, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE